IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZOUHEIR SAUL FAKHOURI, | : | |
| Petitioner, | : | |
| | : | 1:12-cv-756 |
| v. | : | |
| | : | Hon. John E. Jones III |
| BRIAN THOMPSON, *et al.*, | : | |
| Respondents. | : | |

**MEMORANDUM**

August 20, 2014

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner, Zouheir Saul Fakhouri ("Petitioner" or "Fakhouri"), an inmate formerly confined in the State Correctional Institution in Mercer, Pennsylvania and the York County Prison, in York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Fakhouri challenges his 2008 conviction imposed by the Pike County Court of Common Pleas for drug related offenses. (*Id.*). For the reasons set forth below, the habeas petition will be denied.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts have been extracted from the Pennsylvania Superior Court's September 3, 2009 opinion affirming Fakhouri's judgment of sentence, in which the Superior Court adopts the trial court's summary of facts as follows:

On March 22, 2007, Stacy Cambria, a confidential informant (CI) working with the Pennsylvania State Police Vice unit contacted [Fakhouri] regarding the purchase of a controlled substance, specifically cocaine. The CI placed a phone call to [Fakhouri] using a cellular phone issued to Trooper Gina Tasselmeyer. Trooper Tasselmeyer dialed the phone number provided by the CI to ensure the number being dialed was actually the number provided by the CI. Trooper Tasselmeyer was present during the telephone call which lasted approximately 15 seconds. [Fakhouri] told the CI to meet him at the corner of Decker and Cantebury to complete the purchase.

Prior to meeting [Fakhouri] at the location, Trooper Tasselmeyer searched both the CI and the CI's vehicle and provided the CI with two hundred dollars ($200) in serialized U.S. currency. The CI and Trooper Tasselmeyer proceeded to the pre-determined meeting location in the CI's vehicle. They parked along the shoulder of the roadway. [Fakhouri] was not yet present when they arrived at the location. [Fakhouri] arrived shortly thereafter and the CI entered [Fakhouri's] vehicle. [Fakhouri] then drove down the road before coming back about a minute and a half later. The CI then exited [Fakhouri's] vehicle and got back into her vehicle with the trooper and handed her one foil packet. After the transaction was complete, Trooper Tasselmeyer then searched the CI and the CI's vehicle again and found no money, weapons, or controlled substances.

The following day, March 23, 2007, another purchase was arranged by the CI with [Fakhouri]. As on March 22, the trooper used her state issue[d] cellular phone to dial the phone number provided by the CI. The CI was again provided with serialized U.S. currency and the CI and vehicle were searched prior to leaving for the location. They thereafter proceeded to the same location as the previous buy and again parked alongside the roadway. [Fakhouri] subsequently arrived and motioned for the CI to follow him in his vehicle. They parked alongside the roadway and the CI again exited her vehicle and entered [Fakhouri's] car.

After approximately one minute, the CI got back into her vehicle and handed Trooper Tasselmeyer a paper towel containing two foil

> packets. After the transaction was completed, the CI and vehicle. were again searched. The contents of the two packets tested positive for cocaine following a field test and lab testing at the Wyoming laboratory.

(Doc. 11-6, pp. 1-3) (citing Trial Court Opinion).

Fakhouri was subsequently arrested and charged with two (2) counts each of possession of a controlled substance, possession with intent to deliver, delivery of a controlled substance, and criminal use of a communication facility.[1] (Doc. 11-6, p. 3). Fakhouri's case proceeded to a jury trial in the Court of Common Pleas of Pike County. *See Commonwealth v. Fakhouri*, Docket No. CP-52-CR-0000261-2007 (Pike County Court of Common Pleas filed August 14, 2007). On July 25, 2008, Fakhouri was found guilty of all counts. (*Id.*). On September 25, 2008, Fakhouri was sentenced to a term of imprisonment of two and one-half (2½) to five (5) years.[2] (*Id.*). Fakhouri filed timely post-sentence

---

[1] The charges consisted of violations of 18 Pa.C.S.A. § 780-113(a)(30)(a); 18 Pa.C.S.A. § 780-113(a)(30); 18 Pa.C.S.A. § 7512(a); and, 18 Pa.C.S.A. § 780-113(a)(30)(a)(16). *See Commonwealth v. Fakhouri*, Docket No. CP-52-CR-0000261-2007 (Pike County Court of Common Pleas filed August 14, 2007).

[2] Fakhouri served his full five year sentence. This Court nevertheless retains jurisdiction over the habeas petition. *See Steele v. Blackman*, 236 F.3d 130, 134 n.4 ("Where a petition for a writ of habeas corpus is filed and subsequently the petitioner is released from custody, habeas corpus jurisdiction may be sustained where serious collateral consequences flow from the conviction.") (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968); *United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (finding the possibility of deportation to be a serious collateral consequence of a conviction)).

As a result of his offenses, Fakhouri was charged with removability pursuant to 8 U.S.C. § 1228(a)(1), which provides for expedited removal of aliens convicted of aggravated felonies. Fakhouri applied for withholding of removability and a deferral of removal. The Immigration

motions, which were denied.[3] (*Id.*).

Fakhouri filed a timely direct appeal to the Pennsylvania Superior Court on November 18, 2008. (*Id.*); *Commonwealth v. Fakhouri*, No. 3120 EDA 2008 (Pa. Super. 2008). On September 3, 2009, the Superior Court affirmed the judgment of sentence. (Doc. 11-6; *Fakhouri*, No. 3120 EDA 2008).

The Pennsylvania Superior Court summarized the issues raised by Fakhouri in his brief on direct appeal as follows:

> 1. Whether the pre-arrest delay violated [Fakhouri's] right to due process?
>
> 2. Whether the testimony and evidence presented at trial failed to prove the elements of the crime of criminal use of communication facility, beyond a reasonable doubt?
>
> 3. Whether the testimony and evidence presented at trial failed to prove the elements of the crime of delivery of a controlled or counterfeit substance, beyond a reasonable doubt?
>
> 4. Whether the testimony and evidence presented at trial failed to prove the elements of the crime of possession with intent to

---

Judge denied both applications for relief and ordered Fakhouri removed. On appeal, the Board of Immigration Appeals affirmed the Immigration Judge's decision. Fakhouri then filed a petition for review with the Third Circuit Court of Appeals, and moved to stay his removal. On November 8, 2013, the Third Circuit Court of Appeals denied Fakhouri's motion for a stay of removal. *See Fakhouri v. Attorney General United States of America, et al.*, 545 Fed. Appx. 96 (3d Cir. 2013). There is no indication that Fakhouri has been deported yet.

[3] Attorney Robert Reno represented Fakhouri for the preliminary hearing, trial, post-sentence motions and to perfect the appeal. *See* (Doc. 12, p. 5). Attorney Reno subsequently withdrew as counsel and Attorney James P. Baron was appointed to represent Fakhouri on appeal. (*Id.*).

deliver[] a controlled or counterfeit substance, beyond a reasonable doubt?

5. Whether the testimony and evidence presented at trial failed to prove the elements of possession of a controlled or counterfeit substance, beyond a reasonable doubt?

(Doc. 11-6, pp. 3-4; *Fakhouri*, No. 3120 EDA 2008).

In affirming the judgment of sentence, the Superior Court specifically found that Fakhouri's claim that the delay between the date of the alleged transactions and his arrest violated his due process rights was waived for failure to properly raise it in his 1925(b) statement. (Doc. 11-6, pp. 4-5). The Superior Court also found that there was sufficient evidence to uphold Fakhouri's conviction on all counts. (Doc. 11-6). Fakhouri filed an application for reconsideration with the Superior Court which was denied as untimely. (Doc. 12, p. 6; *Fakhouri*, No. 3120 EDA 2008). Fakhouri did not seek review with the Pennsylvania Supreme Court. (Doc. 11-15, p. 3).

On August 20, 2009, Fakhouri filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Fakhouri v. Harlow, et al.*, Civil Action No. 4:09-cv-01601 (M.D. Pa.) (McClure, J.). On March 3, 2010, the petition was dismissed without prejudice for failure to exhaust state court remedies. *Id.* at (Doc. 10).

On June 23, 2010, Fakhouri filed a *pro se* petition under Pennsylvania's Post

Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, *et seq*. ("PCRA"). (Doc. 11-7, Petition for Post-Conviction Collateral Relief). In July 2010, Attorney Oressa Campbell was appointed to represent Fakhouri, however, in December 2010, she filed a motion to withdraw as counsel and a no-merit letter pursuant to *Turner/ Finley*.[4] (Doc. 11-8). The PCRA Court granted Attorney Campbell's request to withdraw on February 24, 2011, but appointed new counsel, Attorney Ronnie Fischer, finding that prior counsel had not conducted a sufficient investigation into Fakhouri's claims. (Doc. 11-15, p. 4).

While Fakhouri's PCRA petition was pending, he filed another *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on March 17, 2011. *See Fakhouri v. Thompson, et al.*, Civil Action No. 1:11-cv-00389 (M.D. Pa.). On July 14, 2011, the habeas petition was dismissed without prejudice for failure to exhaust state court remedies. *Id.* at (Doc. 15).

On March 24, 2011, Attorney Fisher filed a motion to withdraw as counsel and a *Turner/ Finley* no-merit letter. (Doc. 11-9). On April 5, 2011, the PCRA Court granted Attorney Fisher's motion to withdraw and issued a notice pursuant

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (establishing the procedures to be followed, pursuant to Pennsylvania law, to allow withdrawal of counsel in collateral proceedings where counsel finds the appeal to be meritless); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (discussing the procedure outlined in *Turner* by which PCRA counsel can withdraw from representation by filing a "no-merit letter").

to Rule 907 of the Pennsylvania Rule of Criminal Procedure of its intent to dismiss the petition without a hearing. (Doc. 11-15, p. 4). Fakhouri filed a *pro se* motion objecting to the PCRA Court's dismissal of his PCRA petition without a hearing. (*Id.*). An evidentiary hearing was thereafter scheduled for August 23, 2011. (*Id.*). Prior to the hearing, Fakhouri requested leave to serve subpoenas on multiple witnesses. (*Id.*). The PCRA Court granted the request, however Fakhouri never served the subpoenas. (*Id.*). A single witness was present for the August 2011 hearing. (*Id.*). The Commonwealth objected to the witness' testimony because Fakhouri failed to comply with 42 Pa. C.S.A. § 9545(d)(1), which requires the filing of a certification as to each witness a PCRA petitioner intends to call at an evidentiary hearing. (*Id.*). The PCRA Court sustained the Commonwealth's objection and subsequently dismissed the PCRA petition. (*Id.*).

Fakhouri filed a Notice of Appeal to the Pennsylvania Superior Court challenging the dismissal of his PCRA petition. (*Id.*). Fakhouri raised the following issues on appeal:

> I. Whether the PCRA court err[ed] by denying the petition because [Fakhouri] failed to produce witnesses at his hearing? And whether the [p]ost [co]nviction counsel failed to amend or supplement [Fakhouri's] [*p*]*ro se* petition and correct the defect, by her simply [sic] did not locate witnesses?
>
> II. Whether the PCRA court ignored entirely certain claims, and failed to determine from the record as [a] matter of law that genuine issues of

material fact existed with regard to all [sic] subsequent counsels were ineffective under [the] identical test in order to be eligible for PCRA relief?

III. Whether [] [Fakhouri] was afforded []effective assistance of appellate counsel, where counsel failed to develop or perfect issues to be presented on direct appeal and subsequently failed to file an appeal with the P[ennsylvania] Supreme [C]ourt?

IV. The questions of law involved in appeal [sic] and despite trial court's failure to issue findings of fact, statement of fact[s]. [sic] Whether the [PCRA] court failed to m[e]et requirement[s] of rule governing [the] form for trial court opinion[s] under 1925[a]?

(Doc. 11-15, p. 5, *quoting* Doc. 11-13, p. 3, Appellant's Brief). On March 27, 2012, after reviewing the issues, the Superior Court affirmed the PCRA Court's Order dismissing Fakhouri's PCRA petition. *See* (Doc. 11-15).

On April 23, 2012, Fakhouri filed the instant habeas petition. (Doc. 1). In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), this Court issued a formal notice to Fakhouri on May 9, 2012, that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive petition. (Doc. 6). On May 17, 2012, Fakhouri filed a Notice of Election indicating that he sought to proceed on his petition as filed. (Doc. 7). By Order dated May 23, 2012, service of the petition was directed. (Doc. 8). On June 12, 2012, Respondents filed a response to the habeas petition. (Docs. 11, 12). On June 26, 2012, Fakhouri filed a traverse.

(Doc. 13).

The petition is now before the Court for consideration. In the petition, Fakhouri raises the following grounds for relief:

> I. Whether the PA Superior Court opinion affirming the dismissal of [the] PCRA petition on March 27, 2012, was supported by law and records?
>
> …
>
> II. Whether the appellate court failed its determination based on a review of the records, there is no reason to suppose the trial court was especially well situated to observe, ineffective trial counsel, the demeanor of witnesses and to make credibility determination and the prosecutorial misconduct, the constitutional error?
>
> …
>
> III. Whether the petitioner's claim that state court's unreasonable application of criminal justice, and the burden of proof deprived him the equal protection right, Due Process, State and Federal Constitution that was not procedurally defaulted by the petitioner. The state appellate court did not clearly and expressly stated that it relied to deny the Due Process claim under Federal Constitution?
>
> …
>
> IV. Whether the PCRA court and the state court of appeal ignored entirely petitioner's claims, and failed to determine from the records as a matter of law that the petitioner was unconstitutionally convicted?

(sic) (Doc. 1, pp. 8-9). These claims will addressed in turn.

## II. STANDARDS OF REVIEW

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his

confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-8; *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

*A. Exhaustion/ Procedural Default*

It is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. *Id*. at 845.

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000), *citing Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition

have been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." *Lines*, 208 F.3d at 159. *See also Baldwin v. Reese*, 541 U.S. 27 (2004) (holding that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim").

When a claim is not exhausted because it has not been fairly presented to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because "there is an absence of available State corrective process." 28 U.S.C. § 2254(b); *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused. *Lines*, 208 F.3d at 163.[5] "The procedural default rule is designed to prevent habeas petitioners from avoiding the exhaustion requirement by defaulting on their claim in state court." *Grimes v. Wenerowicz*, 2013 U.S. Dist. LEXIS

---

[5] On May 9, 2000, the Pennsylvania Supreme Court issued judicial administrative Order No. 218, which deems claims exhausted after having been presented only to the Pennsylvania Superior Court.

157756, *17 (M.D. Pa. 2013) (Blewitt, M.J.), *adopted by* 2013 U.S. Dist. LEXIS 157208 (M.D. Pa. 2013) (Mariani, J.). "However, the procedural default doctrine only applies when a state procedural rule is consistently or regularly applied." *Gibbs v. Shannon*, 2013 U.S. Dist. LEXIS 153753, *10-11 (M.D. Pa. 2013) (Kosik, J.), *citing Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (holding that "[i]n order to prevent federal habeas corpus review, a state procedural rule must be 'consistently or regularly applied'").

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001); *Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir.), *cert. denied*, 122 S.Ct. 396 (2001); *Lines*, 208 F.3d at 164-66; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Ayala v. Varano*, 2014 U.S. Dist. LEXIS 38947, *6-7 n.2 (E.D. Pa. 2014) (concluding that where the state court determined on direct appeal that a claim was waived, the claim was procedurally defaulted for purposes of federal habeas review). To show "cause", a

petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir.) *cert. denied*, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993); *Coleman*, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298 (1995); *Keller*, 251 F.3d 408.

*B. Merits*

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable

determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).[6] *See generally Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009); *Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). As explained in *Bell*:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable ...

*Bell*, 535 U.S. at 694 (citations omitted). *See also Lambert v. Blackwell*, 387 F.3d

---

[6] Specifically, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

210 (3d Cir. 2004).

In *Coleman v. Johnson*, 132 S.Ct. 2060 (2012), the United States Supreme Court stated:

> "it is the responsibility of the jury - not the court - to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." ... on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' "

*Id*. at 2062 (citing *Cavazos v. Smith*, 132 S.Ct. 1, 4 (2011)).

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims. *Bell*, 535 U.S. at 694-98. Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

### *A. Exhaustion and Procedural Default*

Fakhouri argues that the trial court abused its discretion and that there was prosecutorial misconduct on the part of the Commonwealth for various reasons. *See* (Doc. 1). The Court notes that Fakhouri has failed to exhaust and/ or has

procedurally defaulted these claims. As explained by the Superior Court on appeal of the PCRA Court's decision, Fakhouri:

> contends that the PCRA Court erred in dismissing his PCRA petition because there were genuine issues of material fact. (*See* Appellant's Brief, at 11-24). In support of this contention, [Fakhouri] highlights numerous alleged errors committed by the trial court, the Commonwealth, and trial counsel. To the extent [Fakhouri] claims error by the trial court and the Commonwealth, the claims are waived because they were not presented on direct appeal. *See* 42 Pa. C.S.A. § 9544(b).

(Doc. 11-15, p. 8).

While Fakhouri broadly set forth these claims in his PCRA petition, as the Superior Court explains, he failed to raise these claims on direct appeal. Pennsylvania law holds that for purposes of Post Conviction Relief, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa. C.S.A. § 9544(b). This Court concludes that the Superior Court made a reasonable application of a well-established state rule of procedure and that rule provided an independent and adequate ground for its decision. These claims were waived under state law and, as a result, are procedurally defaulted in this forum.

Because these claims have been procedurally defaulted, Fakhouri must show cause and prejudice or a fundamental miscarriage of justice in order for this Court to review these claims. Fakhouri has failed to show either cause or prejudice in

relation to the procedural default of these claims. To the extent the petition could be read to argue that ineffective assistance of counsel is the cause for Fakhouri's failure to raise these claims on direct appeal, the Court finds this argument broad and unpersuasive. *See Sheppard v. United States*, 2014 U.S. Dist. LEXIS 27770, *17 (W.D. Pa. 2014) (a "petitioner's claim of ineffective assistance must identify the specific errors that counsel is alleged to have made. Conclusory allegations are not sufficient to support a petition under Section 2255.") (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). *See also Hampton v. United States*, 2011 U.S. Dist. LEXIS 52058, *18-19 (W.D. Pa. 2011).

Fakhouri states that a fundamental miscarriage of justice will occur because he is actually innocent. With respect to the miscarriage of justice exception, it applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To establish such a claim, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*,

513 U.S. at 324. Further, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Id.* at 329. Fakhouri's broad allegation of innocence does not provide the proper support or evidence needed to show that a fundamental miscarriage of justice will result. *See Schlup*, 513 U.S. at 327 (providing that "miscarriage of justice" exception requires petitioner to come forward with new evidence of actual innocence).

Fakhouri has not presented any "new" evidence. Accordingly, because Petitioner has not presented any "new, reliable evidence to support his claim", this Court need not decide "whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See Bennett v. Rozum*, 2008 U.S. Dist. LEXIS 29606, *19-20 (M.D. Pa. 2008). Further, there was more than sufficient evidence to support the jury's guilty verdict. Therefore, this Court rejects Petitioner's actual innocence claim.

Fakhouri has failed to show cause and prejudice for the default and has failed to show that a fundamental miscarriage of justice will occur. Therefore, he has procedurally defaulted the claims regarding errors made by the Commonwealth and the trial court. As such, federal review of these claims is unavailable. *See Coleman*, 501 U.S. at 750.

*B. "Whether the PA Superior Court opinion affirming the dismissal of PCRA petition on March 27, 2012, was supported by laws and records?"*

Fakhouri's first claim concerns whether the Pennsylvania Superior Court opinion affirming the dismissal of Fakhouri's PCRA petition on March 27, 2012 was supported by laws and records. (Doc. 1, p. 8). In addressing this issue, the Court will consider the entirety of the Pennsylvania Superior Court's opinion in deciding to affirm the dismissal of the PCRA petition and will address each claim considered by the Superior Court.

*1. PCRA Evidentiary Hearing*

In its March 27, 2012 opinion affirming the denial of Fakhouri's PCRA petition, the Pennsylvania Superior Court initially addressed Fakhouri's claims that the PCRA Court erred in dismissing his PCRA petition because of his failure to comply with 42 Pa. C.S.A. § 9545(d)(1).[7] (Doc. 11-15, p. 6). The Superior Court noted that Fakhouri's argument was:

---

[7] 42 Pa. C.S.A. § 9545(d)(1) provides as follows:

(d) Evidentiary hearing.

(1) Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

> in essence, that: (1) he never received the PCRA court's order granting him leave to serve subpoenas because he was transferred from state prison to the Pike County Correctional Institute; (2) [he] was never given an opportunity to correct the procedural deficiency and file the required certification; and (3) PCRA counsel should have filed an amended petition that included the certification.

(*Id*.).

In dealing with these claims, the Superior Court first noted that Fakhouri was appointed two (2) different attorneys by the PCRA Court and that both attorneys reviewed Fakhouri's petition, found it to be without merit, and filed *Turner/ Finley* no-merit Letters. (*Id*. at p. 7). The Superior Court also noted that both attorneys were granted leave to withdraw. (*Id*.). The Superior Court then explained that "because both attorneys found [Fakhouri's] PCRA petition to be lacking in merit and were granted leave to withdraw, they were not required to file an amended or supplemental PCRA petition on [Fakhouri's] behalf that included the 42 Pa. C.S.A. § 9545(d)(1) certification." (*Id*.).

The Superior Court then considered whether the PCRA Court should have alerted Fakhouri to the procedural defect so that he could file the required certification or should have granted a continuance so that Fakhouri could file the required certification and subpoena his witnesses. (*Id.*). The Superior Court first stated that *pro se* litigants are not absolved from compliance with procedural rules and are subject to the same procedural rules as counseled litigants. (*Id.*). Further,

Fakhouri's second PCRA counsel was granted leave to withdraw on April 5, 2011, and the PCRA hearing took place on August 23, 2011. (*Id.*). This gave Fakhouri "over four months in which to either retain counsel or acquaint himself with the rules governing PCRA proceedings." (*Id.* at pp. 7-8). Fakhouri failed to do so. (*Id.* at p. 8). Further, the Superior Court explained that "granting a continuance to allow [Fakhouri] to subpoena additional witnesses would have served no purpose because [Fakhouri] had not filed a timely certification." (*Id.*). Ultimately, the Superior Court found that "the PCRA court did not err in dismissing [Fakhouri's] PCRA petition because of his failure to comply with 42 Pa. C.S.A. § 9545(d)(1)." (*Id.*) (citing *Commonwealth v. Brown*, 767 A.2d 576, 583 (Pa. Super. 2001) (holding that the PCRA Court did not abuse its discretion in dismissing the *pro se* petitioner's PCRA petition for failure to comply with 42 Pa. C.S.A. § 9545(d)(1)).

In considering Fakhouri's claim, this Court finds that a claim of error at a PCRA proceeding, such as Fakhouri's claims concerning 42 Pa. C.S.A. § 9545(d)(1), cannot be raised by a federal petitioner in a petition for writ of habeas corpus. *Lambert*, 387 F.3d at 247. "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation."

*Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). Therefore, alleged errors Fakhouri encountered while seeking state collateral relief are inappropriate grounds for granting habeas review. *See id.* As such, the Court will not consider this claim.

*2. Waived Issues*

The Superior Court next addressed Fakhouri's contention that the PCRA Court erred in dismissing his PCRA petition where there were genuine issues of material fact. (Doc. 11-15, p. 8). Fakhouri supported this argument by highlighting numerous alleged errors committed by the trial court, the Commonwealth, and trial counsel. (*Id.*). The Superior Court found that Fakhouri's claims against the trial court and Commonwealth were waived because they were not presented on direct appeal. (*Id.*). This Court finds no error with the Superior Court's finding in this respect. As discussed in detail above, Fakhouri has waived these claims under state law and, as a result, has procedurally defaulted these claims in this forum. *See Suarez v. Pennsylvania*, 2014 WL 2922283 (M.D. Pa. 2014) (concluding that where the state court on direct appeal found the claims waived because no objection had been made at trial, federal habeas review is precluded unless the petitioner can demonstrate cause and prejudice, or that a failure to consider the claims will result in a fundamental miscarriage of justice)

(citing *Sloan v. Attorney General of Pennsylvania*, 2010 U.S. Dist. LEXIS 101854, *33-34 (W.D. Pa. 2010)); *Solano v. Lamas*, 2014 WL 2567166 (M.D. Pa. 2014). Moreover, Fakhouri has not provided any exception to the procedural default of these claims.

*3. Ineffective Assistance of Trial Counsel*

To establish counsel's ineffectiveness, a petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002), *cert. denied*, 538 U.S. 911 (2003). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first prong of the *Strickland* test. *Id.* at 86. To establish prejudice under the second prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). It is not necessary for the court to "guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee

each defendant a fair trial, with constitutionally competent counsel." *Marshall*, 307 F.3d at 85. The court must consider the totality of the evidence and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695.

Additionally, there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123 (rejecting the state prisoner's claim that counsel was ineffective for abandoning an insanity defense), *citing Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). "The question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable - a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *Rico v. Leftridge-Byrd*, 340 F.3d 178, 181 (3d Cir. 2003) (stating that a "state court decision based on a factual determination, such as that required under § 2254(d)(2), will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceeding"). The federal court "must presume that the state court's determination of factual issues was correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence." *Rico*, 340 F.3d at 181, *citing* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 285 (3d Cir. 2000).

The Superior Court addressed Fakhouri's claims of ineffective assistance of trial counsel in its March 27, 2012 opinion. (Doc. 11-15, pp. 8-16). The Superior Court specifically considered ineffective assistance of trial counsel with respect to the pre-arrest delay, the sufficiency and veracity of the affidavits of probable cause, failure to investigate the individuals named in the "Trooper's report", failure to properly impeach the testimony of the CI, trial continuances, failure to obtain an expert witness, and including waived claims on appeal. (*Id*.). These claims will be addressed *seriatim*.

*a. Pre-Arrest Delay*

In his appeal of the PCRA Court's decision, Fakhouri argued that trial counsel was ineffective for failing to properly investigate and litigate claims regarding the pre-arrest delay of approximately five months. (Doc. 11-15, p. 9).

The clearly established federal law with respect to pre-arrest delay has been set forth in *United States v. Lovasco*, 431 U.S. 783 (1977) and *United States v. Marion*, 404 U.S. 307 (1971). In *Lovasco*, the Supreme Court stated that prejudice alone was not enough to establish a denial of due process and emphasized that "the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *Lovasco*, 431 U.S. at 790. In *Marion*, the Supreme Court found that pre-indictment delay violated the Due Process Clause of the Fifth Amendment

if it caused "substantial prejudice" to a defendant's rights to a fair trial and that the "delay was an intentional device to gain tactical advantage over the accused." *Marion*, 404 U.S. at 324. The United States Court of Appeals for the Third Circuit summarized these standards and "recognized that a criminal defendant pursuing a claim of prejudicial pre-indictment delay has the burden of proving '(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him, and that (2) this intentional delay caused the defendant actual prejudice.'" *Snyder v. Klem*, 2010 U.S. Dist. LEXIS 66062, *17 (M.D. Pa. 2010), *citing United States v. Ismaili*, 828 F.2d 153, 167 (3d Cir. 1987) (citing *Marion*, 404 U.S. 307); *see also Lovasco*, 431 U.S. 783.

Similarly, under Pennsylvania law, "[t]o prevail on a claim of deprivation of due process based on pre-indictment delay, a defendant must establish: (1) that the delay caused him or her actual prejudice, and (2) that the Commonwealth's reasons for the delay were improper." *Commonwealth v. Louden*, 803 A.2d 1181, 1184 (Pa. 2002). The *Louden* court further explained that actual prejudice requires a defendant to:

> show that he or she was meaningfully impaired in his or her ability to defendant against the state's charges to such an extent that the disposition of the criminal proceedings was likely affected. This kind of prejudice is commonly demonstrated by the loss of documentary evidence or the unavailability of a key witness. It is not sufficient for a defendant to make speculative or conclusory claims of possible

> prejudice as a result of the passage of time … Furthermore, it is the defendant's burden to show that the lost testimony or information is not available through other means.

*Id.* (internal citations omitted).

The Superior Court found that Fakhouri had not met the required burden. (Doc. 11-15, pp. 9-10). While Fakhouri speculated that the delay might have interfered with the CI's memory, the Superior Court found that nothing in the record supported this contention. (*Id.*). Further, the Superior Court stated that Fakhouri failed to "provide any support of record for his claim that 'materials' relating to one 'Steven BayronAlvarez,' were lost" and that he did not explain how the loss of those "materials" was prejudicial. (*Id.*). The Superior Court also found speculative Fakhouri's claim that if the arrest took place sooner, he would have been able to demonstrate that he was never in possession of the serialized buy money. (*Id.* at p. 10). The Superior Court noted that trial counsel could not be ineffective for failing to file a non-meritorious motion and, as such, Fakhouri was not eligible for PCRA relief based on this claim. (*Id.*).

In the present petition, Fakhouri again argues that he was prejudiced by the delay and, thus, by counsel's failure to raise the pre-arrest delay claim. (Doc. 1, pp. 10-11). He argues that his memory and the CI's memory were impaired because of the time lapse between the buys and the filing of the criminal complaint.

(*Id.*; Doc. 11-15, p. 9). He also claims that he lost a witness, along with recorded calls between Fakhouri and the CI on his answering machine, which would show that there was a sexual relationship between Fakhouri and the CI. (Doc. 1, p. 10; Doc. 11-15, pp. 9-10). Fakhouri again claims that if the arrest had taken place sooner, he would have been able to conclusively show that he was never in possession of the serialized buy money. (Doc. 1, p. 10; Doc. 11-15, p. 10).

Considerable deference must be given to the legal and factual determinations made by state courts. *Palmer v. Hendricks*, 592 F.3d 386, 391-92 (3d Cir. 2010) (citing *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004)). "A conclusion of factual issue by a state court is presumed to be correct unless otherwise refuted by clear and convincing evidence." *Snyder*, 2010 U.S. Dist. LEXIS 66062 at *18. Fakhouri has failed to present evidence to contradict the Superior Court's findings of fact regarding this claim. Thus, he has failed to show he was prejudiced by the pre-arrest delay or counsel's failure to investigate and litigate his pre-arrest delay claim. As explained by the Superior Court, Fakhouri's allegations regarding how he was prejudiced are, at best, speculative. This Court finds that Fakhouri has failed to show that the Superior Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law; or that the decision was based on an unreasonable determination of the facts in light of the evidence

presented in the proceedings. Further, Fakhouri did not show that he was prejudiced by the delay, thus he has failed to show that he was prejudiced by counsel's failure to properly investigate and litigate the pre-arrest delay claim. As such, habeas relief will not be granted on this claim.

*b. Sufficiency/ Veracity of Affidavits*

In his appeal of the denial of the PCRA petition, Fakhouri also argued that trial counsel was ineffective for failing to file a motion challenging the sufficiency and veracity of the affidavits of probable cause filed by the state police. (Doc. 11-15, p. 10). The Fourth Amendment of the United States Constitution provides that:

> [t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. Clearly established federal law explains that probable cause is determined by looking at the totality-of-the-circumstances. *Illinois v. Gates*, 462 U.S. 213, 230 (1983).

When considering a search warrant,

> [a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' . . . 'A grudging or negative attitude by reviewing courts toward warrants,' . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted

> pursuant to a warrant 'courts should not invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner.'

*Id.* at 236 (internal citations omitted). The traditional standard for reviewing a probable cause determination made by a magistrate is whether the magistrate had a "'substantial basis for...conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Id.* (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). Probable cause is usually a matter of fact; "[t]he district court may conclude in the appropriate case, however, that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997). Additionally, "[a] magistrate may issue a warrant relying primarily or in part upon the statements of a confidential informant, so long as the totality of the circumstances gives rise to probable cause." *United States v. Stearn*, 597 F.3d 540, 555 (3d Cir. 2010).

In considering the affidavits in Fakhouri's case, the Superior Court explained the totality-of-circumstances standard discussed in *Gates* and similar Pennsylvania case law. (Doc. 11-15, pp. 10-11) (citing *Gates*, 462 U.S. at 230-31; *Commonwealth v. Taylor*, 850 A.2d 684, 687 (Pa. Super. 2004), *appeal denied*, 860 A.2d 123 (Pa. 2004)). The Superior Court also noted that a reviewing court

"may not conduct a *de novo* review of the issuing authority's probable cause determination. The role of both the reviewing court and the appellate court is confined to determining whether there is substantial evidence in the record supporting the decision to issue the warrant." (*Id*. at p. 11) (citing *Commonwealth v. Huntingdon*, 924 A.2d 1252, 1259 (Pa. Super. 2007), *appeal denied*, 931 A.2d 656 (Pa. 2007) (internal citations omitted)).

When deciding whether counsel was ineffective for failing to file a motion challenging the sufficiency and veracity of the affidavits of probable cause filed by the state police, the Superior Court found that:

> the affidavit of probable cause contained a minor inaccuracy in that it stated that [Fakhouri] told Trooper Tasselmeyer to go to the corner of Cantebury and Decker roads, rather than stating that [Fakhouri] told the CI who told Trooper Tasselmeyer where to go. (*See* Affidavit of Probable Cause, 8/16/07 at 1). However, examining the rest of the affidavit, it is clear that the inaccuracy was not the sole basis for the issuance of the warrant and that probable cause existed to support the arrest. Trooper Tasselmeyer detailed in the affidavit that she listened to the CI's side of the telephone conversation with [Fakhouri], she drove the CI to the meeting place, she saw the CI get into a car with [Fakhouri], and approximately 3 minutes later, she observed the CI get out of the car and hand Trooper Tasselmeyer a foil packet of white powder, which proved to be cocaine. (*See id.*). Trooper Tasselmeyer then detailed an almost identical transaction that occurred on the next day. (*See id.* at 2). Given this, there was no basis for trial counsel to move to suppress the arrest. Thus, the PCRA court did not err in concluding that [Fakhouri] was not entitled to PCRA relief on this basis.

(Doc. 11-15, pp. 11-12). The Superior Court also noted that Fakhouri claimed that

other statements in the affidavit of probable cause were lies. (Doc. 11-15, p. 12 n. 5). However, Fakhouri did not provide any support for these contentions other than his own self-serving statements. (*Id.*).

There is no basis for this Court to conclude that the Superior Court's decision regarding the sufficiency and veracity of the affidavits of probable cause in the ineffective assistance of counsel context was contrary to, or involved an unreasonable application of, clearly established federal law; or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the proceedings. Accordingly, habeas relief will not be granted on this claim.

*c. Investigation into Trooper Reports*

Fakhouri further argued to the Superior Court that trial counsel was ineffective for failing to properly investigate the individuals named in the "Trooper's report." (Doc. 11-15, p. 12). The Superior Court noted that Fakhouri's failure to investigate claim was undeveloped. (*Id.*). The Superior Court stated:

> [Fakhouri] fails to explain, given the evidence against him at trial, how he was prejudiced by counsel's alleged failure to investigate various unnamed individuals. [Fakhouri] also fails to explain what probative information these people would have related, which would have resulted in a favorable outcome. 'This Court will not act as counsel and will not develop arguments on behalf of appellant.' *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008). When deficiencies in a brief

> hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. *See* Pa. R.A.P. 2101; *Hardy*, *supra*, at 771.

(*Id.* at pp. 12-13).

Pursuant to Pennsylvania Rule of Appellate Procedure 2101, Pennsylvania state appellate courts have routinely quashed appeals for the petitioner's failure to include "material sections of the brief which facilitate appellate review." *See Commonwealth v. Drew*, 510 A.2d 1244, 1245-46 (Pa. Super. 1986) (listing cases that rely on Rule 2101 to quash appeals for noncompliance). Since the Superior Court rejected this ineffective assistance of counsel claim on a state procedural ground, Fakhouri's allegation that his attorney failed to properly investigate the individuals named in the Trooper's report is procedurally defaulted. As stated above, in order to overcome a procedural default, a habeas petitioner must demonstrate cause for the default and the resulting prejudice to the petitioner, or prove that the failure to consider the federal habeas claim constitutes a "fundamental miscarriage of justice." *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger*, 266 F.3d at 224. As discussed above, Fakhouri has not provided the Court with any evidence sufficient to excuse this procedural default and thus, this claim cannot be reviewed on federal habeas grounds.

*d. Confidential Informant*

The Superior Court also considered Fakhouri's claim that he received ineffective assistance of counsel because trial counsel failed to properly impeach the testimony of the CI. (Doc. 11-15, p. 13). In ruling on this issue the Superior Court found that:

> counsel effectively cross-examined the CI, questioning her about her mental illness, her drug use, the favorable treatment she received on certain criminal charges because of her cooperation, and her participation in the witness relocation program. (*See* N.T., 7/23/08, at 158-91). The cross-examination was consistent with a reasonable trial strategy and was designed with [Fakhouri's] best interest in mind. Counsel was not ineffective for failing to properly impeach the CI. Thus, there is no basis to upset the PCRA court's finding that [Fakhouri] was not entitled to PCRA relief on this basis.

(*Id.*).

The state court's finding regarding whether trial counsel was ineffective for failing to properly impeach the testimony of the CI is not contrary to, nor does it involve an unreasonable application of, the federal standard set forth above for ineffective assistance of counsel. Further, the record does not suggest that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these reasons, this ground is found to be without merit.

However, the Superior Court failed to address Fakhouri's claim that he received ineffective assistance of counsel because trial counsel failed to file a

petition to compel the CI to undergo a psychological examination to show that the CI was not competent to testify. *See* (Doc. 11-13, pp. 15-17; Doc. 11-15). "Where the [state court] fails to adjudicate a habeas petitioner's claim on the merits, we have held that AEDPA's deferential standards are inapplicable." *Jermyn v. Horn*, 266 F.3d 257, 299-300 (3d Cir. 2001) (citing *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001) (finding that state courts mischaracterized petitioner's claim as based on ineffective assistance of counsel rather than a constructive denial of counsel and, thus, petitioner's claim had not been adjudicated properly on the merits in state court). "Thus, if the defendant properly preserves an issue but the state court does not reach the merits of the claim, pre-AEDPA review is appropriate, and we 'must examine, without special heed to the underlying state court decision,' whether the claim has merit." *Jermyn*, 266 F.3d at 300 (internal citations omitted). Accordingly, the Court must independently examine whether Fakhouri's right to effective assistance of counsel was violated by counsel's failure to request a competency hearing for the CI.

Witnesses in criminal proceedings are presumed to be competent. *See* 42 Pa. C.S.A. § 5911; *see also* Pa. R. Evid. 601 (a person would be incompetent to testify if the witness "is, or was, at any relevant time, incapable of perceiving accurately"). A witness is competent to testify if he or she can: (1) accurately

perceive an event; (2) remember it; (3) communicate about the event intelligibly; and (4) appreciate the duty to tell the truth under oath. *Commonwealth v. Counterman*, 719 A.2d 284, 295 (Pa. 1998). It is proper to question a witness about drugs or alcohol he may have consumed at the time of the event described to the jury, as that may have affected the witness's ability to remember correctly. *Commonwealth v. Drew*, 459 A.2d 318, 321 (Pa. 1983). However, the jury may not consider the use of drugs or alcohol at other irrelevant times for impeachment purposes. *Id*. Even when a witness admits to using drugs or alcohol in the hours preceding an incident, the jury has the right to assess the witness's credibility and the court may not substitute its judgment for that of the finder of fact. *Commonwealth v. Simmons*, 662 A.2d 621, 630 (Pa. 1995). Furthermore, "[i]ncompetency does not follow from the fact that the witness is insane or mentally ill. Accordingly, a trial court does not have an obligation to order an investigation of a witness's competency unless the court has some doubt from having observed the witness." *Counterman*, 719 A.2d at 295 (internal citations omitted).

In considering this claim, the Court notes that Fakhouri has failed to meet either prong to establish ineffectiveness under *Strickland*. Fakhouri's only evidence regarding the CI's competency is his own bald assertion about her past

drug use and mental problems, which was adequately addressed by trial counsel during cross-examination. (Doc. 11-1, Notes of Transcript, July 23, 2008, pp. 168-70). The court never expressed any doubt as to the CI's competency after observing her testify. (Doc. 11-1, Notes of Transcript, July 23, 2008, pp. 146-94). After reviewing the record, including the testimony of the CI, this Court finds that Fakhouri's attempt to gain post-conviction relief on the basis of trial counsel's ineffectiveness for failing to object to the competency of the CI is without merit.

*e. Trial Continuances*

The Superior Court also considered Fakhouri's claims that trial counsel failed to file a motion challenging the Commonwealth's failure to bring the charges against him to trial within the requisite 180 days prescribed by Pa. R. Crim. P. 660; failed to obtain his agreement before asking for continuances; and, failed to ensure that he was present when the requests for continuances were presented to the trial court. (Doc. 11-15, pp. 13-14).

Under federal law, when determining whether a defendant's right to a speedy trial has been violated, the court considers: (1) the length of delay; (2) the reason for the delay; (3) whether the accused asserted his right to a speedy trial in the state tribunals; and (4) whether the delay caused prejudice. *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972); *Heiser v. Ryan*, 15 F.3d 299, 303 (3d Cir. 1994).

The Court of Appeals for the Third Circuit further stated that "portions of the delay which are attributable to the defendant or his counsel 'will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed.'" *Gatis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (internal citations omitted).

Pennsylvania law vests counsel with the authority to seek continuances. (Doc. 11-15, pp. 14-15) (citing *Commonwealth v. Wells*, 521 A.2d 1388, 1391 (1987)). A decision to continue without defendant-client's consent does not amount to ineffectiveness *per se*. *Id.* However, counsel must have a reasonable basis for seeking a continuance. *Wells*, 521 A.2d at 1391-1392 (citing *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (1967)).

In deciding this issue, the Superior Court noted that there was "no basis to file a speedy trial motion because the delays that caused the onset to trial to exceed the mechanical run date were excludable, as they were attributable to the defense." (Doc. 11-15, p. 14). The Superior Court further noted that Fakhouri was not required to be present at the requests for continuances, nor did counsel need to obtain Fakhouri's express agreement before requesting or agreeing to continue. (*Id*. at p. 15) (citing *Wells*, 521 A.2d at 1391). Finally, the Superior Court found that the record reflected that "all the continuances were made to allow counsel to

research, file, and litigate the motions on behalf of [Fakhouri]." (*Id*.).

Fakhouri's criminal information was filed on September 24, 2007 and his trial did not commence until July 23, 2008, approximately 304 days later. (*Id*. at p. 14). As shown by the record, the continuances were made by Fakhouri's counsel and counsel had a reasonable basis for requesting the continuances. Fakhouri has failed to show that he was deprived a right to a speedy trial or that he received ineffective assistance of counsel as a result of these continuances because there would be no basis for counsel to file a speedy trial motion.

This Court finds that Fakhouri has failed to show that the Superior Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. He also failed to show that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the proceedings. As such, habeas relief will not be granted on this claim.

*f. Expert Witnesses*

On appeal of the PCRA decision, Fakhouri claimed that counsel was ineffective for failing to obtain an expert witness to testify about the business of dealing in controlled substances. (Doc. 11-15, p. 15). The Superior Court found that this ineffective assistance of counsel claim failed because Fakhouri was required to articulate "what evidence was available and identify a witness who was

willing to offer such [evidence]." (*Id*.) (citing *Commonwealth v. Gwyn*, 943 A.2d 940, 945 (Pa. 2008) (citations omitted)). The Superior Court found that Fakhouri failed to do so and that this claim therefore failed. (Doc. 11-15, pp. 15-16).

In his current petition, Fakhouri argues that trial counsel did request an expert witness, but that the trial court denied the request at a hearing. (Doc. 1, p. 16). Since Fakhouri now argues that counsel attempted to obtain an expert, it is difficult to find that trial counsel was ineffective for failing to obtain an expert witness.

The Superior Court found that Fakhouri failed to present arguments and evidence necessary for success on this claim. As previously noted, considerable deference must be given to the legal and factual determinations made by state courts, and a conclusion of factual issue by a state court is presumed to be correct unless refuted by clear and convincing evidence. *Palmer*, 592 F.3d at 391-92; *Snyder*, 2010 U.S. Dist. LEXIS 66062 at *18. Fakhouri has not refuted the Superior Court's conclusions of factual issues made in deciding this case. Ultimately, Fakhouri has failed to show that the Superior Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law; or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the proceedings.

*g. Inclusion of Waived Claims*

Fakhouri's last claim of ineffectiveness addressed by the Superior Court on appeal of the PCRA Court's decision was whether he received ineffective assistance of appellate counsel because appellate counsel included waived claims on appeal. (Doc. 11-15, p. 16). In deciding this issue, the Superior Court explained,

> [Fakhouri] claims that appellate counsel failed properly to preserve his pre-arrest delay claim when counsel did not include it in the 1925(b) statement. While this Court did find this claim waived on direct appeal, (*see Fakhouri, supra*, at 4-5), counsel's inclusion of the claim in the 1925(b) statement would not have changed the result, because the claim was waived due to trial counsel's failure to pursue it below. *See* Pa. R.A.P. 302(a). Further, as discussed above, [Fakhouri's] pre-arrest delay claim lacked merit; therefore, the preservation of the claim below would have no effect on this court's affirmance of the judgment of sentence. [Fakhouri] also claims that appellate counsel was ineffective for raising a waived weight of the evidence claim on appeal. However, [Fakhouri] is mistaken, counsel did not raise a weight of the evidence claim on appeal, rather, he raised three sufficiency of the evidence claims, which this court addressed on the merits. (*See Fakhouri, supra*, at 5-9). [Fakhouri's] ineffective assistance of appellate counsel claims lack merit.

(*Id*.).

The Superior Court's decision was neither contrary to, nor an unreasonable application of, *Strickland*. As discussed by the Superior Court, trial counsel, not appellate counsel, ultimately was responsible for the waiver of this issue. Further, there was no merit to the pre-arrest delay claim. Finally, as explained by the

Superior Court, appellate counsel did not raise a waived weight of the evidence claim in the direct appeal. There is no basis for finding Fakhouri's appellate counsel ineffective for including waived claims on appeal. Accordingly, the Superior Court's determination that the instant claim has no merit is not contrary to, or an unreasonable application of the law.

*4. Adequacy of Trial Court's Opinion*

Fakhouri's final claim considered by the Superior Court in the appeal of the PCRA decision was that the PCRA Court's 1925(a) opinion was inadequate. The Superior Court found that this claim was not cognizable under the PCRA as Fakhouri had failed to show how this alleged error "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." (Doc. 11-15, pp. 16-17) (citing 42 Pa. C.S.A. § 9543(a)(2)(i)). The Superior Court also noted that the Pennsylvania Rules of Appellate Procedure provide, in pertinent part:

> Rule 1925. Opinion in Support of Order
>
> (a) Opinion in support of order.
>
> (1) *General rule*. – except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record

> where such reasons may be found…
>
> Pa. R.A.P. 1925(a). Here, the trial court's October 17, 2011 opinion complied with Pa. R.A.P. 1925(a). Thus, [Fakhouri's] claim lacks merit.

(Doc. 11-15, p. 17).

This Court has not been presented with any evidence to overcome the Superior Court's conclusions with respect to this claim. Upon review, the trial court's opinion complied with 1925(a). *See* (Doc. 11-12). Therefore, the Court finds this claim to be without merit.

*C. "Whether the appellate court failed its determination based on a review of the records, there is no reason to suppose the trial court was especially well situated to observe, ineffective trial counsel, the demeanor of witnesses and to make credibility determination and the prosecutorial misconduct, the Constitutional error?"*

This claim appears to be similar to Fakhouri's claim previously discussed. Again, Fakhouri seems to be challenging the Superior Court's findings in affirming the PCRA Court's decision. As this claim was thoroughly addressed above, this Court simply reiterates that Fakhouri's claims with respect to these issues have no merit. The allegation of prosecutorial misconduct will be discussed below.

*D. "Whether the petitioner's claim that the state court's unreasonable application of criminal justice, and the burden of proof deprived him the equal protection right, due process, State and Federal Constitution that was not procedurally defaulted by petitioner. The state appellate court did not clearly and expressly state that it relied to deny the due process claim under the Federal Constitution?"*

Fakhouri appears to argue that the alleged prosecutorial misconduct amounted to a violation of his "right to a fair trial, and Violation of Due Process of Equal Protection under the Fifth Amendment." (Doc. 1, p. 18). Fakhouri argues that the prosecutor made inappropriate statements, and that he inappropriately used a lap top computer and power point presentation. (Doc. 1, pp. 18-20). Review of the records reveals that the Superior Court did not address this claim. *See* (Docs. 11-6, 11-15). However, in affirming the judgment of sentence, the Superior Court found that there was sufficient evidence to uphold Fakhouri's convictions on all counts. (Doc. 11-6).

In evaluating whether a petitioner was denied his right to a fair trial as a result of the prosecutor's argument, the court must look at the prosecutor's comments in the context of the entire trial. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Laird v. Horn*, 159 F. Supp. 2d 58, 129 (E.D. Pa. 2001), *aff'd*, 414 F.3d 419 (3d Cir. 2005), *cert. denied*, 546 U.S. 1146 (2006). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). A petitioner seeking a writ of habeas corpus will not succeed merely because the prosecutors' actions "were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)

(quotation omitted). Rather, to successfully state a claim for habeas relief based on comments at trial by the prosecutor, a petitioner must show that the prosecutor's comments were so egregious that they fatally infected the proceedings, rendered the entire trial fundamentally unfair, and made the conviction a denial of due process. *See Darden*, 477 U.S. at 181; *Donnelly,* 416 U.S. at 643; *Werts,* 288 F.3d 178; *Lesko v. Lehman,* 925 F.2d 1527, 1546 (3d Cir.), *cert. denied*, 502 U.S. 898 (1991). *See also Brecht v. Abrahamson,* 507 U.S. 619, 638 (1993) (When an error occurs, the inquiry then becomes whether, in light of the record as a whole, the prosecutor's conduct "had substantial and injurious effect or influence in determining the jury's verdict").

While a prosecutor's comments during opening and closing statements must be directed to an understanding of the facts and of the law rather than to passion and prejudice, *Lesko*, 925 F.2d at 1545 (citing *United States ex rel. Perry v. Mulligan*, 544 F.2d 674, 680 (3d Cir.1976)), the prosecution is "accorded reasonable latitude and may employ oratorical flair arguing its version of the case to the jury." *Henry v. Horn*, 218 F. Supp. 2d 671, 705 (E.D. Pa. 2002) (quotation omitted).

Fakhouri argues that the prosecutor's opening statement was improper. (Doc. 1, pp. 18-19). During trial, the prosecutor began his opening statement as

follows: "the world of cocaine[,] it is a world for the most part [] unfamiliar to us." (Doc. 11-1, Notes of Transcript, July 23, 2008, pp. 28-30). Defense counsel objected to this statement. (*Id.*). The trial court judge overruled the objection stating that "[b]oth the Commonwealth and the Defendant are allowed the ability to create the theme, the basic approach, ... , at this point there is nothing objectionable to using the reference to the world of cocaine." (*Id*. at p. 29). The judge also instructed the jury that opening statements are not evidence and should not be considered as such. (*Id*. at pp. 27-28). He further stated that the only purpose of an opening statement is to give the jury a general outline of the case. (*Id.*). Regarding the use of a lap top computer and projector screen, these actions do not amount to misconduct resulting in the denial of Fakhouri's right to a fair trial. *See Werts*, 228 F.3d 178.

Fakhouri failed to show that the prosecutor's remarks and actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181. Accordingly, habeas relief will not be granted on this claim.

*E. "Whether the PCRA Court and the state court of appeal ignored entirely petitioner's claims, and failed to determine from the records as matter of law that the petitioner was unconstitutionally convicted?"*

Upon review of this claim, Fakhouri appears to essentially argue that there

was insufficient evidence to convict him. (Doc. 1). In support of this argument, Fakhouri argues that the affidavits of probable cause filed by the state police were insufficient and contained false statements (*id*. at pp. 11-13); the confidential informant was not competent under state law and was not credible (*id*. at pp. 13-15); and, he was inappropriately denied an expert witness (*id*. at pp. 16-17).

Fakhouri raised claims of sufficiency of the evidence on direct appeal. In the trial court's January 6, 2009 opinion submitted pursuant to Pennsylvania Rule of Appellate Procedure 1925, the trial court considered the issues set forth by Fakhouri in his concise statement of matters complained of on appeal. (Doc. 11-4, pp. 3-4). The trial court ultimately determined that there was sufficient evidence to support Fakhouri's conviction. (Doc. 11-4).

When addressing Fakhouri's sufficiency of evidence claim on direct appeal, the Superior Court stated that the standard applied is "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." (Doc. 11-6, p. 5) (citing *Commonwealth v. O'Brien*, 939 A.2d 912, 913 (Pa. Super. 2007)). The Superior Court discussed each of the elements of the crimes for which Fakhouri was convicted and the evidence admitted at trial, ultimately finding that "there was ample evidence to sustain

[Fakhouri's] convictions." (*Id*. at p. 8). Additionally, the Superior Court summarized the apt trial court's opinion as follows:

> [T]he evidence established that through two separate telephone conversations [Fakhouri] chose the place to conduct the transactions. Both the confidential informant and state trooper testified that the confidential informant was searched both prior to and subsequent to the meeting. Prior to the transaction, the confidential informant was given serialized U.S. currency and did not possess any drugs. Following the transactions, the confidential informant turned over foil packets which tested positive for cocaine and no longer possessed the U.S. currency.

(*Id*. at pp. 8-9) (citing Trial Court Opinion, January 6, 2009, at p. 6 (citations and footnote omitted)). The Superior Court further stated that "the jury evidently found the testimony of Trooper Tasselmeyer and the CI credible and chose not to believe [Fakhouri's] version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder." (Doc. 11-6, p. 9).

A criminal defendant may be convicted only "upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). The Supreme Court announced the federal standard for determining the sufficiency of the evidence to support a conviction in *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*, the federal court is to determine whether "after viewing the evidence in the light

most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Federal review of a sufficiency of the evidence claim under *Jackson* must be based upon state law, that is, the substantive elements of the crime as defined by applicable state law. *Id.* at 324 n.16. The credibility of witnesses, the resolution of conflicts of evidence, and the drawing of reasonable inferences from proven facts all fall within the exclusive province of the fact finder and, therefore, are beyond the scope of federal habeas review. *Id.* at 309.

The state court applied a sufficiency of evidence standard that is indistinguishable from the *Jackson* standard. It found the evidence sufficient to support the jury verdict, and Fakhouri has made no showing that this determination rests upon an unreasonable determination of the facts. The state court's analysis is cogent and entirely consistent with federal standards. There is no basis for this Court to conclude that the Commonwealth's decision to deny Fakhouri's sufficiency of evidence claim was contrary to, or involved an unreasonable application of, clearly established federal law; or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the proceedings. As such, this Court will not grant Fakhouri habeas relief on this claim.

*F. Miscellaneous Claims*

Fakhouri sets forth various additional claims in support of his petition for writ of habeas corpus. These claims include allegations of excessive bail, discrimination due to his status as an immigrant, issues with a lab report, and other arguments that were found to be procedurally defaulted, such as trial court errors. *See* (Doc. 1). To the extent that any of these claims have not been procedurally defaulted, the Court notes that Fakhouri has also not properly presented these claims to the Court. Bald assertions and conclusory allegations do not afford a sufficient ground to provide habeas relief. *See Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987). Fakhouri's failure to sufficiently identify the facts upon which these claims are based precludes habeas relief. *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 n. 12 (3d. Cir. 1991). A cursory review of these claims also reveals that they lack merit.

As to Fakhouri's claim that he was discriminated against due to his immigrant status, he sets forth no argument in support of this statement. *See* (Doc. 1, p. 21). Accordingly, he has not stated a sufficient ground for habeas relief.

Fakhouri argues that his bail was set excessively high at $500,000.00. (Doc. 1, p. 21). The Eighth Amendment provides, in part, that "[e]xcessive bail shall not be required." U.S. Const. Amend. VIII. The excessive bail provision of the Eighth

Amendment is applicable to the states pursuant to the due process clause of the Fourteenth Amendment. *See Sistrunk v. Lyons*, 646 F.2d 64, 66 (3d Cir. 1981). Bail is excessive when set at an amount higher than necessary to ensure the appearance of the accused at trial. *Id.* (citing *Stack v. Boyle*, 342 U.S. 1, 5 (1951)). It is not within the purview of the federal court to reexamine state court determinations on state law questions. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 67. When reviewing a petition for writ of habeas corpus, a federal court "can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee." *Whitney v. Pennsylvania*, 2014 WL 1041405, *3 (E.D. Pa. 2014) (citing *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991)). Further, the setting of bail by a state court is reviewed in a federal habeas case under a highly deferential standard of abuse of discretion or of constitutional arbitrariness. *See Carroll v. Manning*, 2008 WL 4935882, *3 (W.D. Pa. 2008) ("In determining whether the bail is 'reasonably calculated,' the federal courts cannot be expected to conduct a de novo bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal

court system that now is having difficulty dealing with the increasing number of habeas corpus petitions, but would also represent an unwarranted interference in the operation of the state's criminal justice system.") (citing *United States ex rel. Garcia v. O'Grady*, 812 F.2d 347, 352 (7th Cir. 1987) (internal citation omitted)).

Fakhouri has not demonstrated that the amount of his bail was arbitrary or without any rational basis. Accordingly, habeas relief on this ground will be denied, as the Pennsylvania courts could constitutionally decide Fakhouri's amount of bail. *See Sistrunk*, 646 F.2d 64. Moreover, it appears that Fakhouri failed to exhaust this claim, as there is no indication that he filed a motion to reduce bail in the state courts. *See* 28 U.S.C. § 2254(b) (a petitioner must completely exhaust available state remedies before a federal court will grant habeas corpus relief).

Regarding the lab reports, the United States Supreme Court held that the content of laboratory reports disclosing the analysis of suspected drugs is testimonial evidence and, therefore, is subject to the Confrontation Clause. *See Melindez–Diaz v. Massachusetts*, 129 S.Ct. 2427 (2009). Fakhouri argues that his right to confront witnesses was violated because a laboratory report of a controlled substance was admitted into evidence without the testimony of the forensic analyst, and the lab report was hearsay. (Doc. 1, p. 18). Fakhouri does not necessarily deny that the substance was cocaine and there is no indication that he requested to

have his own analysis done. (*Id.*).

The forensic analyst who tested the substance in Fakhouri's case was not able to testify at the trial due to a serious health condition. (Doc. 11-1, Notes of Transcript, July 23, 2008, p. 205). Therefore, the analyst's supervisor testified in her stead. (*Id.*). Trial counsel did not object to the supervisor's qualifications or testimony and did not object to the admission of the lab report. (*Id.* at pp. 198-208). Trial counsel cross-examined the supervisor and presumably made a strategic decision to accept the testimony and the lab report. (*Id*. at pp. 207-08). Fakhouri was able to confront the forensic analyst's supervisor and he does not show how he was prejudiced by not having the laboratory technician herself testify. Therefore, his rights under the Confrontation Clause were not violated. *See United States v. Merchant*, 376 Fed. Appx. 172, 178 (3d Cir. 2010) (finding that the admission of lab reports concluding that drugs sold by the defendant during controlled buys were cocaine, without live testimony from the analysts who wrote them, did not violate the Confrontation Clause, given the defendant's stipulation that the reports could be admitted without further testimony or proof).

Accordingly, Fakhouri is not entitled to habeas relief on these miscellaneous claims.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth in this Memorandum, this Court will not issue a certificate of appealability. *See Robinson v. United States*, 2012 U.S. Dist. LEXIS 103892 (M.D. Pa. 2012) (rejecting the petitioner's challenge to her guilty plea based on counsel's alleged ineffectiveness and declining to issue a certificate of appealability); *Keel v. Superintendent Coleman, et al.*, 2013 U.S. Dist. LEXIS 13721 (W.D. Pa. 2013), *26-27 (denying a certificate of appealability on the petitioner's claims, which challenged his state court guilty plea and sentence). In the instant matter, jurists of reason would not find the disposition of Fakhouri's case debatable. As such, no certificate of appealability will issue.

**V. CONCLUSION**

For the reasons discussed above, Fakhouri's petition will be denied. A separate Order follows.